MAGER, Judge
(dissenting):
I agree with that portion of the conclusion holding that the findings of fact do not correspond with the evidence. Some significance should have been attached to the tender of $7,336.96 made by defendant Joyce in July 1970, which amount was received by the plaintiff but never returned. The plaintiff’s petition for restoration of possession, in claiming that the amount of $7,098.50 was due in December 1970, fails to give any recognition to the aforementioned tender of $7,336.96 nor does it appear that any effort was made to reconcile the July tender with the alleged December deficit.
The defendant alleges, in effect, that by virtue of having made the $7,336.96 payment, which was retained by plaintiff’s attorneys, there was no rent due and owing the plaintiff in December 1970. This contention, however, is somewhat tenuous in part, since the aforementioned payment was made in July supposedly for rent due at that time; whereas the demand for payment made in December by plaintiff was for past rent. A more weighty contention, however, is the effect of the plaintiff’s attorneys’ retention of the defendant’s tender.
Although the evidence does not comport with the final judgment, the present state of the record would also seemingly preclude this court from making any determination as to the reconciliation of the amount tendered with the amount alleged to be in default; nor does the record lend itself to a determination of the issues of default or possession.
It would be my view that the final judgment should be reversed and the cause remanded for further factual findings with respect to the aforementioned matters and with particular consideration as to the efficacy of plaintiff’s retention of the amount tendered.